IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RAMEY SUMNERS                                                                           PETITIONER

VS.                                                              CIVIL ACTION NO. 5:06cv156DCB-MTP

BUREAU OF PRISONS, et al                                                            RESPONDENTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Ramey Sumners, an inmate at the Federal Correctional Institute-Yazoo City, Mississippi, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] Upon review of the petition, memorandum in support and the petitioner's responses, this court has reached the following conclusion.

Petitioner was sentenced on September 2, 2004, to 46-months with 36-months to serve on supervised release and 100 hours of community service. The Petitioner received said sentence following a guilty plea which he entered in the United States District Court for the Northern District of Alabama, USA v. Brooks, et al, 1:04cr21-KOB-HGC (N.D. Ala. September 7, 2004).[2] It unclear from the petitioner's response [ 5-1] if he has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. He is requesting that the court order the Bureau of Prisons to calculate his 46-month sentence and 36-month supervised release together. (Memorandum in Support [2-1] p. 19).

---

[1]By order [6-1] filed February 13, 2007, this Court determined that this was a petition filed pursuant to 28 U.S.C. § 2241.

[2]The information relating to the criminal case was found after searching the U. S. Party/Case Index.

### I.  PETITIONER'S GROUND FOR RELIEF

In his § 2241 petition [1-1], Petitioner asserts that the decision by the United States Supreme Court in U.S. v. Booker, 543 U.S. 220 (2005), held that all judgments issued under the United States Sentencing Guidelines were void for violating the Fifth and Sixth Amendments. The Petitioner further argues that the portion of his sentence for supervised release is a violation of the double jeopardy clause.  He states that there are "no statutes regarding supervised release as a form of punishment." (Memorandum in Support, p.2 [2-1].).  According to the Petitioner, he should be granted habeas relief because of the holding by the United States Supreme Court in U.S. v. Booker, 543 U.S. 220 (2005)[3].  See  Petition [1-1] filed November 20, 2006 and Response [7-1] filed February 27, 2007.

### II. DISCUSSION

According to the United States Court of Appeals for the Fifth Circuit, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated."  Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).  By contrast, a § 2255 motion "'provides the primary means of collateral attack on a federal sentence.'"  Id. (quoting Cox v. Warden, 911 F.2d 1111, 1113 (5th Cir. 1990)).  This Court finds that the Petitioner is attempting to argue that this § 2241 habeas petition concerns the execution of his sentence as set forth in his requested relief.  Having looked further, this Court finds that his requested relief and the claims contained in this petition and memorandum challenge the

---

[3]Together with the Booker decision, the United States Supreme Court decided the case of United States v. Fanfan, 543 U.S. 220 (2005).

sentence he received[4] and that he is seeking relief from said sentence based on the United States Supreme Court's decision in U.S. v. Booker, 543 U.S. 220 (2005) .

When the Court determines that the § 2241 petition is challenging the validity of the federal sentence, the Fifth Circuit in Pack determined that "[a] section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack, 218 F.3d at 452. As discussed previously, this Court finds that the petitioner is clearly challenging his sentence entered by the District Court of the Northern District of Alabama.

There is, however, a savings clause in § 2255 which acts as a limited exception to this general rule. The relevant portion of § 2255, with its savings clause provides, as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added). Pursuant to this "savings clause," a federal court may consider a § 2241 petition that challenges a federally imposed sentence when the petitioner establishes that the remedy under § 2255 is inadequate or ineffective. Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

The petitioner argues that the United States Supreme Court's holding in U.S. v. Booker, 543 U.S. 220 (2005) affords him relief from his sentence imposed by the United States District

---

[4]Since supervised release is part of the sentence and "is designated at the time of sentence to occur after the prisoner finishes serving a specific term of incarceration," United States v. Marmolejo, 915 F.2d 981, 982 (5th Cir. 1990), the petitioner is requesting in the instant petition that his sentence be reduced by the 38-month period he is to serve on supervised release.

Court for the Northern District of Alabama.  The Fifth Circuit has specifically held that <u>Booker</u> is not retroactively applicable on collateral review and it does not satisfy the test for filing a § 2241 petition under the savings clause of 28 U.S.C. § 2255.  <u>Padilla v. United States</u>, 416 F.3d 424, 427 (5th Cir. 2005).  Additionally, the Petitioner fails to affirmatively show that relief pursuant to 28 U.S.C. § 2255 is inadequate and ineffective.  <u>See</u> <u>Pack v. Yusuff</u>, 218 F.3d 448, 453 (5th Cir. 2000) ).  Since the petitioner is challenging the validity of his sentence in the instant petition and since he fails to satisfy the requirement of the savings clause, this Court is without jurisdiction to consider the claims brought in this § 2241 petition.

Because the Court has found that it lacks jurisdiction to consider this petition, it will not address the merits of the case.  Thus, this petition must be dismissed with prejudice as to the jurisdictional issue only, and without prejudice regarding all other issues.  <u>See</u> <u>Pack v. Yusuff</u>, 218 F.3d 448, 454-455 (5th Cir. 2000).

### III. CONCLUSION

For the reasons discussed in this memorandum opinion and order, the Court finds that it is without jurisdiction to consider the § 2241 petition brought by Sumners.  Accordingly, this case is dismissed with prejudice as to the jurisdictional issue, and without prejudice regarding all other issues.

SO ORDERED, this the   30th   day of    April   , 2007.

                                          s/ David Bramlette
                                     UNITED STATES DISTRICT JUDGE